19 F.3d 20
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Wayne E. SARGENT, Defendant-Appellant.
 No. 93-1010.
 United States Court of Appeals, Sixth Circuit.
 March 1, 1994.
 
 Before: KEITH and NORRIS, Circuit Judges, and ENGEL, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Appellant, Wayne Sargent, was convicted of one count of conspiracy, 18 U.S.C. Sec. 371 (Count 1), six counts of money laundering, 18 U.S.C. Sec. 1957 (Count 13, 14 and 15), 18 U.S.C. Sec. 1956 (Count 18, 19 and 22), and one count of illegal structuring of a transaction to evade reporting requirements, 31 U.S.C. Sec. 5324 (Count 20).
 
 
 2
 Sargent claims that the United States engaged in prosecutorial misconduct which deprived him of a fundamentally fair trial. He asserts that: (1) the prosecution's repeated objections to his counsel's questions impugned the character of his counsel, thus unduly prejudicing his rights; (2) the prosecution's having moved to admit his exculpatory statement violated the prosecution's proffer agreement; and (3) the prosecution's closing argument was inaccurate and misleading. Furthermore, Sargent claims that the evidence was insufficient to support his money laundering, conspiracy, and illegal structuring convictions.
 
 
 3
 This court, after a thorough review, finds no merit in any of the above-mentioned claims. See United States v. Roberts, 986 F.2d 1026 (6th Cir.1993), cert. denied 114 S.Ct. 271 (1993); United States v. Morrow, 977 F.2d 222 (6th Cir.1992), cert. denied, 113 S.Ct. 2969 (1993).
 
 
 4
 Sargent also argues that the government violated the Ex Post Facto Clause of the Constitution, U.S. Const. art. I, Sec. 9, cl. 3, by ordering forfeiture under a version of the forfeiture statute, 18 U.S.C. Sec. 982, that was not in existence when he was convicted. To the extent that such a claim is made, it appears only in Sargent's reply brief and is not to be found in his brief in chief and normally we would not consider it on appeal. Wright v. Holbrook, 794 F.2d 1152 (6th Cir.1986). To the extent such an issue is cognizant in this appeal, we conclude that it has no bearing upon Sargent's conviction of the substantive offenses of which he was found guilty by the jury and to which he was sentenced by the judgment from which this appeal is taken. The forfeiture proceedings, however, remain before the district court, which stayed them pending Sargent's appeal of his conviction. Accordingly we do not otherwise pass upon the validity or effect of this particular claim with regard to the pending forfeiture proceedings and nothing herein shall be construed as an expression of opinion with respect to issues alive in that proceeding.
 
 
 5
 The judgment of the district court is affirmed.